UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| STEVEN BRADLEY BOWLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00254-JPH-DLP |
| | ) | |
| RICHARD BROWN Supt., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

Plaintiff Steven Bowling, an inmate at Wabash Valley Correctional Facility (WVCF) filed this action pursuant to 42 U.S.C. § 1983 alleging the defendants were deliberately indifferent to his serious medical needs. Because Mr. Bowling is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint names six defendants: (1) Superintendent Richard Brown; (2) Assistant Superintendent Frank Littlejohn; (3) Wexford; (4) K. Hobson; (5) Amy Wright; and (6) C. Pearison. The complaint names these defendants in their individual and official capacities. Mr. Bowling seeks compensatory and punitive damages.

According to his complaint, Mr. Bowling arrived at WVCF on November 13, 2019. During his health screening, he disclosed he suffered from sciatic pain, and he was instructed to file a healthcare request. On November 23, he was seen by a medical provider to discuss his sciatic pain. The provider instructed Mr. Bowling to wait for "MD sick call" to discuss treatment. On November 27, 2019, Mr. Bowling filed a grievance saying that his pain had increased, and he still had not seen a doctor or received any pain medication. C. Pearison signed the complaint.

Still without medication, Mr. Bowling filed an informal grievance on December 3. Amy Wright signed the complaint on December 6, saying he was scheduled to see the doctor that day. At his appointment, Dr. Byrd ordered medication to treat the sciatic nerve spasms and flare-ups, but almost another week went by where Mr. Bowling received no medication.

On December 18, Mr. Bowling had a medical emergency in which he was unable to stand or bend over. A correctional officer and Mr. Bowling's cellmate lifted Mr. Bowling out of his top bunk and carried him to a wheelchair. Mr. Bowling was given an anti-inflammatory shot and a muscle relaxer and was admitted to the infirmary for the night.

The next day, Mr. Bowling was sent back to his original cell and bunk, despite Dr. Byrd's recommendation that he remain on the ground floor (and presumably the lower bunk). Dr. Byrd prescribed Flexeril, a muscle relaxer, Prednisone, a steroid, and increased an existing order of Trileptal. Five days passed without Mr. Bowling receiving the medication, so he filed another informal grievance. He received the medication on December 24.

On December 24, Mr. Bowling had a follow-up appointment with a different doctor where they discussed reducing the Flexeril to an as-needed basis. At that time, he had received five of his twelve doses.

The next morning, Mr. Bowling refused his Flexeril with the plan to take it in the evening, but it was not included in his evening medication. A nurse investigated the situation and told Mr. Bowling that his prescription had expired on December 24.

Mr. Bowling says the individual defendants were aware of his medical needs and that the division of health care services is responsible for enforcing policy including the administration and management of medical care for inmates. The Court construes this as a practice or policy claim against Wexford.

### III. Discussion of Claims

Any claim under the Fourteenth Amendment is **dismissed**. Medical claims for pretrial detainees are evaluated under an "objective unreasonableness" standard, but because Mr. Bowling was a convicted prisoner, his medical claims are analyzed under the Eighth Amendment deliberate indifference standard. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. Aug. 10, 2018).

Prison officials have a duty to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, Mr. Bowling must allege that (1) he suffered from an objectively serious medical

3

condition; and (2) the defendant knew about his condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837.

Mr. Bowling's Eighth Amendment deliberate indifference claims **shall proceed** against defendants C. Pearison, in his individual capacity, and Wexford.

Mr. Bowling's claims against Superintendent Richard Brown, Assistant Superintendent Frank Littlejohn, K. Hobson, and Amy Wright are **dismissed for failure to state a claim upon which relief can be granted**. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary."). The only allegation against Amy Wright is that she arranged a medical appointment the same day she reviewed Mr. Bowling's complaint, which does not factually support a claim of deliberate indifference.[1] Mr. Bowling does not allege any personal involvement in his medical care by Superintendent Richard Brown, Assistant Superintendent Frank Littlejohn, or K. Hobson.

Further, to the extent that Mr. Bowling asserts an official capacity claim against C. Pearison, Mr. Brown, or Mr. Littlejohn for an unconstitutional Indiana Department of Correction policy that resulted in poor medical care, such a claim is **dismissed**. An official capacity claim against the defendant individuals as employees of the Indiana Department of Correction

---

[1] This act distinguishes her from defendant C. Pearison, who allegedly did nothing when Mr. Bowling complained that he had not yet seen a doctor despite his requests for medical care.

4

would in essence be against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165–67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment). Although Mr. Bowling could seek prospective injunctive relief from an individual defendant in his official capacity, Mr. Bowling seeks only damages and does not allege that his medical care issues are ongoing.

This summary of claims includes all the viable claims identified by the Court. If Mr. Bowling believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 2, 2020**, in which to identify those claims.

However, if Mr. Bowling seeks to add factual allegations in light of the deficiencies noted in this screening, he must file an amended complaint by **October 2, 2020**. Because an amended complaint completely replaces the original complaint, *see Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017), the amended complaint must include *all claims* against *all defendants*. The amended complaint should in essence tell the Court who did what when. If he chooses to file an amended complaint, Mr. Bowling must conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each legal injury; and (d) the amended complaint must include the proper case number, No. 2:20-cv-00254-JPH-DLP, and the words "Amended Complaint" on the first page.

### IV. Service of Process

The clerk **is directed** to update the docket to reflect that Wexford's legal name is Wexford of Indiana, LLC. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants Wexford of Indiana, LLC and C. Pearison in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Wexford of Indiana, LLC electronically.

Defendant C. Pearison is identified as an employee of Wexford of Indiana, LLC. A copy of this Order and the process documents shall also be served on Wexford electronically. Wexford is **ordered** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

The **clerk is directed** to terminate Superintendent Richard Brown, Assistant Superintendent Frank Littlejohn, K. Hobson, and Amy Wright as defendants on the docket.

**SO ORDERED.**

Date: 9/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEVEN BRADLEY BOWLING
113869
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Wexford of Indiana, LLC

C. Pearison
Medical Professional
WABASH VALLEY - CF
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838